**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **TD BANK, N.A** | * | |
| 2035 Limestone Road | | |
| Wilmington, Delaware 19808 | * | |
| | | |
| *Plaintiff,* | * | |
| | | |
| v. | * | |
| | | |
| **MCB LIGHTING & ELECTRICAL,** | * | |
| **INC.** | | Civil Action No.: |
| 3540 Chaneyville Road | * | |
| Owings Mills, Maryland 20736 | | |
| | * | |
| *Also serve on Resident Agent*: | | |
| Michelle Baker | * | |
| 12408 Quarterhouse Drive | | |
| Bowie, Maryland 20720 | * | |
| | | |
| and | * | |
| | | |
| **CHARLES M BAKER, JR.** | * | |
| 3540 Chaneyville Road | | |
| Owings Mills, Maryland 20736 | * | |
| | | |
| *Defendants.* | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**COMPLAINT FOR ENTRY OF JUDGMENT BY CONFESSION**

Plaintiff, TD Bank, N.A. ("***TD Bank***"), by its undersigned attorneys and pursuant to Local Rule 108.1, sues and confesses judgment against Defendants, MCB Lighting & Electrical, Inc. and Charles M. Baker, Jr., jointly and severally, and in support states as follows:

**PARTIES**

1.      Plaintiff, TD Bank, is a national banking association, registered to conduct business in the State of Maryland, and with its main office located in Wilmington, Delaware. It is therefore a citizen of Delaware.

2.      On information and belief, Defendant MCB Lighting & Electrical, Inc. ("***MCB Lighting***") is a corporation formed under the laws of the State of Maryland with its registered office at 3540 Chaneyville Road, Owings Mills, Maryland 20736. MCB Lighting's resident agent is Michelle Baker with a registered address at 12408 Quarterhouse Drive, Bowie, Maryland 20720.

3.      On information and belief, Defendant Charles M. Baker, Jr. ("***Mr. Baker***") is a citizen of the State of Maryland and resides at 3540 Chaneyville Road, Owings Mills, Maryland 20736.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5.      This Court has personal jurisdiction over MCB Lighting and Mr. Baker because they are Maryland citizens residing and doing business in Maryland and because MCB Lighting agreed to submit to the jurisdiction and venue of the state and Federal courts of Maryland for any dispute arising out of the Note (as defined below).

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because MCB Lighting and Mr. Baker are residents of Baltimore County, Maryland and a substantial part of the events and/or omissions giving rise to the claims asserted herein occurred in Maryland.

## GENERAL FACTS AND ALLEGATIONS

7.      Pursuant to Local Rule 108.1(a) of the United States District Court for the District of Maryland, TD Bank has filed, along with this Complaint for Entry of Judgment by Confession, an Affidavit of Shelley McTaggart on behalf of TD Bank (the "***Affidavit***") attached

2

hereto as Exhibit 1; and copies of the written instruments authorizing the confession of judgment, all of which are incorporated herein by reference.

8.      On or about March 11, 2022, TD Bank provided a $150,000.00 commercial revolving line of credit to MCB Lighting (the "***Loan***"), the proceeds of which were to be used for general business purposes and operations.

9.      The Loan is evidenced by, among other things, a Revolving Demand Note dated March 11, 2022 executed by MCB Lighting in favor of TD Bank in the principal amount of $150,000.00, plus interest at 0.49% above the Wall Street Journal Prime Rate (the "***Note***"). A true and accurate copy of the Note is attached as Exhibit 2 and incorporated by reference.

10.      In consideration for TD Bank's agreement to enter into the Note and to secure MCB Lighting's obligations under the Note and other loan documents, Mr. Baker guaranteed repayment of the Loan by executing an Unlimited Guaranty dated March 11, 2022 in favor of TD Bank (the "***Guaranty***"). A true an accurate copy of the Guaranty is attached as Exhibit 3 and incorporated by reference.

11.      Under the terms of the Note, MCB Lighting promised to pay, "ON DEMAND, the principal amount of One hundred fifty thousand and 00/100 dollars ($150,000.00) or, if less, such amount as may be the aggregate unpaid principal amount of all loans or advances made by Lender to the Borrower pursuant hereto, together with interest from the date hereof on the unpaid principal balance from time to time outstanding until paid in full." *See* Ex. 2—Note at § 1, Promise to Pay. MCB Lighting also promised to pay regular monthly payments of "[a]ll accrued and unpaid interest . . . in arrears on the 11th day of each month, commencing on April 11, 2022." *Id*. MCB Lighting further agreed to pay a late charge equal to 6% of the unpaid amount if any payment due under the Note remained unpaid for 15 days or more. *See id.* at § 16, Costs and Expenses, Default Rate, Late Charge.

DM1\15366521.1

12.     Under the terms of the Guaranty, Mr. Baker agreed to guarantee "the performance discharge" of all of MCB Lighting's obligations under the Note and other loan documents, including, among other things, "the full and punctual payment" of "all sums which may be presently due and owing and of all sums which shall in the future become due and owing to"  TD Bank from MCB Lighting, "including, without limitation, interest, attorneys' fees and other amounts…, notwithstanding the discharge of Borrower from such obligations, together with all costs and expenses incurred by Lender in connection with such obligations," the Guaranty and the enforcement thereof. *See* Ex. 3—Guaranty at p. 1.

13.     Mr. Baker further agreed to make any payments to TD Bank on demand. *Id*. at p. 1, ¶ 3.

14.     Mr. Baker also agreed to pay all of TD Bank's attorneys' fees and other collection expenses incurred by TD Bank to enforce the Guaranty. *See id*. at p. 1.

15.     MCB Lighting's failure to immediately pay all sums due under the Note upon demand by TD Bank entitles TD Bank in its "sole discretion and without notice" to, among other things, "exercise its right to confess judgment against the Borrower as provided hereinafter." *See* Ex. 2—Note at § 25(b), Remedies. Specifically, the Note authorizes TD Bank to confess judgment on behalf of MCB Lighting in capitalized font, as follows:

> [T]he Borrower authorizes any attorney admitted to practice before any court of record in the United States to appear on behalf of the Borrower in any court having jurisdiction in one or more proceedings, or before any clerk thereof or prothonotary or other court official, and to CONFESS JUDGMENT AGAINST THE BORROWER, WITHOUT PRIOR NOTICE OR OPPORTUNITY OF THE BORROWER FOR PRIOR HEARING, in favor of Lender for the full amount due on this Note (including the outstanding principal amount, accrued interest and any and all costs, fees, expenses and late charges) plus court costs and reasonable attorneys' fees.

Ex. 2—Note at § 25, Remedies.

4

16.     Upon demand for payment of any amounts under the Note, MCB Lighting agreed to pay interest accruing at a rate per annum equal to 18%. *See* Ex. 2—Note at § 16, Costs and Expenses, Default Rate, Late Charge.

17.     Upon demand for payment of any amounts under the Note, MCB Lighting further agreed to pay all of TD Bank's costs of collection to the extent permitted by applicable law of all amounts under the Note or in connection with the enforcement of, or realization on, any security for the Note, including, without limitation, its reasonable attorneys' fees and expenses. *See id*.

18.     The Guaranty also contains a Confession of Judgment clause in capitalized font, which provides as follows:

> Upon failure by the Guarantor to pay any amount when due hereunder or upon the failure by the Guarantor to perform any of its other obligations hereunder, the Guarantor authorizes any attorney admitted to practice before any court of record in the United States to appear on behalf of the Guarantor in any court having jurisdiction in one or more proceedings, or before any clerk thereof or prothonotary or other court official, and to CONFESS JUDGMENT AGAINST THE GUARANTOR, WITHOUT PRIOR NOTICE OR OPPORTUNITY OF THE GUARANTOR FOR PRIOR HEARING, in favor of Lender for the full amount due on this Note (including the outstanding principal amount, accrued interest and any and all costs, fees, expenses and late charges) plus court costs and reasonable attorneys' fees.

Ex. 3—Guaranty at p. 3.

19.     MCB Lighting failed to make all of its regular monthly payments of accrued unpaid interest due and owing under the terms of the Note, which constitutes a default under the terms of the Note and the Guaranty. *See* Exs. 2-3.

20.     By letter dated February 19, 2024 (the "***Demand Letter***"), TD Bank demanded immediate payment of all outstanding principal of the Loan, together with any unpaid interest, late fees, and other fees set forth in the loan documents, as a result of MCB Lighting's default under the terms and conditions of the loan documents and/or for additional reasons. The Demand Letter included a payoff statement setting forth the amounts owed on the Loan through February

19, 2024. A true and accurate copy of the Demand Letter is attached as <u>Exhibit 4</u> and incorporated by reference.

21.     Despite TD Bank's demand for immediate payment of the Loan, MCB Lighting and Mr. Baker failed to pay the Loan in full as required by the Note and the Guaranty. MCB Lighting's and Mr. Baker's failure to immediately pay the Loan in full upon TD Bank's demand also constitutes a default under the terms of the loan documents, including the Note and the Guaranty. *See* Exs. 2-4.

22.     On March 25, 2024, TD Bank implemented the 18% default interest rate.

23.     As of May 30, 2024, the amounts due and owing on the Loan are as follows:

| | |
|---|---|
| Principal | $149,549.55 |
| Interest | $11,507.92 |
| Late Fees | $546.89 |
| Termination Fee | $25.00 |
| **Total** | **$161,629.36** |

*See* Ex. 1—Affidavit.

24.     Interest continues to accrue at the *per diem* rate of $74.77. Late fees continue to be assessed in accordance with the terms of the Note.

25.     Through this confessed judgment suit, TD Bank is also entitled to collect its costs and expenses, including reasonable attorneys' fees and expenses, incurred in connection with the enforcement and collection of the Note and the Guaranty. *See* Ex. 2—Note at § 16, Costs and Expenses, Default Rate, Late Charge; Ex. 3—Guaranty at p. 1.

26.     As of the filing of this Complaint, TD Bank has incurred attorneys' fees and costs in the total amount of $2,505.00. The Affidavit of Laurie Furshman in support of TD Bank's

reasonable attorneys' fees and costs of suit incurred through the filing of this Complaint is attached as Exhibit 5 and incorporated by reference.

27.     In addition to the above amounts, MCB Lighting and Mr. Baker are also obligated to reimburse TD Bank for its future attorneys' fees and expenses incurred to collect the amounts owed under the Loan, if any. TD Bank intends to file a supplemental request and affidavit in the above-captioned action in support of its future attorneys' fees and expenses, if any, after the culmination of its collection efforts. *See e.g.*, Ex. 2—Note at § 25, Remedies ("The authority and power to appear for and enter judgment against [MCB Lighting] . . . shall not be exhausted by one or more exercises thereof, or by any imperfect exercise thereof, and shall not be extinguished by any judgment entered pursuant thereto; such authority and power may be exercised on one or more occasions, from time to time, in the same or different jurisdictions, as often as Lender shall deem necessary or advisable, for all of which this Note shall be sufficient authority."); Ex. 3— Guaranty at p. 2, ¶12 and p. 3 ("The authority and power to appear for and enter judgment against [Mr. Baker] . . . shall not be exhausted by one or more exercises thereof, or by any imperfect exercise thereof, and shall not be extinguished by any judgment entered pursuant thereto; such authority and power may be exercised on one or more occasions, from time to time, in the same or different jurisdictions, as often as Lender shall deem necessary or advisable, for all of which this Guaranty shall be a sufficient warrant").

28.     An Affidavit of Non-Military Status in accordance with the Servicemembers Civil Relief Act of 2003, 50 U.S.C. App. § 501, *et seq*., as amended, is attached as Exhibit 6 and incorporated by reference.

29.     A proposed Order entering Judgment by Confession in favor of TD Bank and against MCB Lighting and Mr. Baker, jointly and severally, along with proposed Notices of Entry of Judgment by Confession, are being filed with this Complaint.

7

## COUNT I
## JUDGMENT BY CONFESSION UNDER THE NOTE

30.     TD Bank incorporates by reference all of the allegations contained in each of the numbered paragraphs of this Complaint as if fully set forth herein.

31.     As set forth above, pursuant to the terms of the Note, a failure by MCB Lighting to pay upon demand has occurred and a default on monthly interest payments has occurred, and the Note authorizes TD Bank to bring this action against MCB Lighting and to request entry of judgment against MCB Lighting, without prior notice or hearing, in the full amount of the unpaid principal balance of the Loan, all accrued and unpaid interest, and all other amounts payable under the terms of the Note, including costs of suit and attorneys' fees.

32.     Accordingly, pursuant to Local Rule 108.1 and Maryland Rule 2-611, TD Bank requests the entry of judgment by confession against Defendant MCB Lighting as authorized by the Note.

33.     As of May 30, 2024, MCB Lighting and Mr. Baker are jointly and severally indebted to TD Bank in the amount of $164,134.36, with interest, late fees, costs, expenses, attorneys' fees, and other amounts continuing to accrue.

34.     WHEREFORE, Plaintiff, TD Bank, N.A., requests judgment by confession be entered in its favor and against Defendants, MCB Lighting & Electrical, Inc. and Charles M Baker, Jr., jointly and severally, in the amount of $164,134.36, plus a *per diem* interest of $74.77 from May 30, 2024 to the entry of judgment, post-judgment interest at the legal rate, and any other relief the Court finds to be just and proper. TD Bank further requests leave to submit a supplemental claim by affidavit for its future attorneys' fees and expenses, if any, after the culmination of its collection efforts.

8

## COUNT II
## JUDGMENT BY CONFESSION UNDER THE GUARANTY

35.     TD Bank incorporates by reference all of the allegations contained in each of the numbered paragraphs of this Complaint as if fully set forth herein.

36.     As set forth above, pursuant to the terms of the Note and the Guaranty, a default has occurred, and the Guaranty's Confession of Judgment clause authorizes TD Bank to bring this action against Mr. Baker and to request entry of judgment against him jointly and severally, without prior notice or hearing, in the full amount of the unpaid principal balance of the Loan, all accrued and unpaid interest, and all other amounts payable under the terms of the Note and the Guaranty, including costs of suit and attorneys' fees.

37.     Accordingly, pursuant to Local Rule 108.1 and Maryland Rule 2-611, TD Bank requests the entry of judgment by confession against Mr. Baker as authorized by the Guaranty.

38.     As of May 30, 2024, MCB Lighting and Mr. Baker are jointly and severally indebted to TD Bank in the amount of $164,134.36, with interest, late fees, costs, expenses, attorneys' fees, and other amounts continuing to accrue.

WHEREFORE, Plaintiff, TD Bank, N.A., requests judgment by confession be entered in its favor and against Defendants, MCB Lighting & Electrical, Inc. and Charles M Baker, Jr., jointly and severally, in the amount of $164,134.36, plus a *per diem* interest of $74.77 from May 30, 2024 to the entry of judgment, post-judgment interest at the legal rate, and any other relief the Court finds to be just and proper. TD Bank further requests leave to submit a supplemental claim by affidavit for its future attorneys' fees and expenses, if any, after the culmination of its collection efforts.

[SIGNATURE ON FOLLOWING PAGE]

9

Date:  August 20, 2024                    Respectfully submitted,

                                          _/s/_____
                                          Laurie G. Furshman (Fed. Bar No. 29604)
                                          Duane Morris, LLP
                                          100 International Drive, Suite 700
                                          Baltimore, Maryland 21202
                                          (410) 949-2943 telephone
                                          (410) 510-1274 facsimile
                                          Lgfurshman@duanemorris.com

                                          *Attorneys for Plaintiff TD Bank, N.A.*